Ilene J. Feldman, Esq. (IF1045)
COLLINS & FELDMAN
Attorneys for BNSF Railway Company
20 Vesey Street, Suite 503
New York, New York 10007
(866) 434-4440
    and
325 Reef Road, Suite 105
Fairfield, CT 06824
(203) 254-2277 (phone)
(203) 256-3333 (facsimile)
Email: collinsfeldman@aol.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------X
INDEMNITY INSURANCE COMPANY OF     :
NORTH AMERICA,                     :
                                   :    ECF CASE
                       Plaintiff,  :
                                   :    07 Civ. 7858
    v.                             :
                                   :    Judge Jones
BURLINGTON NORTHERN AND SANTA FE   :    Magistrate Judge Freeman
RAILWAY COMPANY, BNSF RAILWAY CO., :
MAERSK LINE, AP MOLLER-MAERSK      :
A/S MAERSK SEALAND,   ,            :
                                   :
                       Defendants. :
---------------------------------------------------------------X

## ANSWER AND AFFIRMATIVE DEFENSES
## OF DEFENDANT BNSF RAILWAY COMPANY

Defendant BNSF Railway Company ("BNSF") by its attorneys, Collins & Feldman, for its

Answer and Affirmative Defenses to the Plaintiff's Complaint alleges upon information and

belief:

1.    BNSF is without sufficient information to admit or deny the allegations contained in

Paragraph 1 of the Complaint and therefore denies the same and leaves Plaintiff to its

proof.

1

2.      BNSF is without sufficient information to admit or deny the allegations contained in Paragraph 2 of the Complaint and therefore denies the same and leaves Plaintiff to its proof.

3.      BNSF is without sufficient information to admit or deny the allegations contained in Paragraph 3 of the Complaint and therefore denies the same and leaves Plaintiff to its proof.

4.      BNSF is without sufficient information to admit or deny the allegations contained in Paragraph 4 of the Complaint and therefore denies the same and leaves Plaintiff to its proof.

5.      BNSF is without sufficient information to admit or deny the allegations contained in Paragraph 5 of the Complaint and therefore denies the same and leaves Plaintiff to its proof.

6.      With respect to Paragraph 6 of the Complaint, BNSF admits that it is a corporation duly incorporated and with a principal place of business.   With respect to the remaining allegation contained in Paragraph 7 of the Complaint, BNSF is without sufficient information to admit or deny the allegations contained therein and therefore denies the same and leaves Plaintiff to its proof.

7.      BNSF denies that it provided services within the state of New York.  With respect to the remaining allegations contained in Paragraph 7, BNSF is without sufficient information to admit or deny the allegations contained in Paragraph 7 of the Complaint and therefore denies the same and leaves Plaintiff to its proof.

8.    BNSF is without sufficient information to admit or deny the allegations contained in Paragraph 8 of the Complaint and therefore denies the same and leaves Plaintiff to its proof.

9.    BNSF is without sufficient information to admit or deny the allegations contained in Paragraph 9 of the Complaint and therefore denies the same and leaves Plaintiff to its proof.

10.    BNSF is without sufficient information to admit or deny the allegations contained in Paragraph 10 of the Complaint and therefore denies the same and leaves Plaintiff to its proof.

11.    BNSF is without sufficient information to admit or deny the allegations contained in Paragraph 11 of the Complaint and therefore denies the same and leaves Plaintiff to its proof.

12.    BNSF is without sufficient information to admit or deny the allegations contained in Paragraph 12 of the Complaint and therefore denies the same and leaves Plaintiff to its proof.

13.    BNSF is without sufficient information to admit or deny the allegations contained in Paragraph 13 of the Complaint and therefore denies the same and leaves Plaintiff to its proof.

14.    BNSF is without sufficient information to admit or deny the allegations contained in Paragraph 14 of the Complaint and therefore denies the same and leaves Plaintiff to its proof.

15.    BNSF is without sufficient information to admit or deny the allegations contained in Paragraph 15 of the Complaint and therefore denies the same and leaves Plaintiff to its proof.

16.    BNSF denies the allegations contained in Paragraph 16 of the Complaint.

17.    BNSF is without sufficient information to admit or deny the allegations contained in Paragraph 17 of the Complaint and therefore denies the same and leaves Plaintiff to its proof.

18.    BNSF is without sufficient information to admit or deny the allegations contained in Paragraph 18 of the Complaint and therefore denies the same and leaves Plaintiff to its proof.

19.    BNSF repeats and realleges its responses to Paragraphs 1 through 18 of the Complaint as its response to Paragraph 19 of the Complaint.

20.    BNSF denies the allegations contained in Paragraph 20 of the Complaint.

21.    BNSF denies the allegations contained in Paragraph 21 of the Complaint.

22.    BNSF admits that there was a derailment of the certain flatcars allegedly transporting the shipment in the Complaint while those flatcars were in the possession of BNSF. BNSF denies the remaining allegations contained in Paragraph 22 of the Complaint.

23.    BNSF denies the allegations contained in Paragraph 23 of the Complaint.

24.    BNSF denies the allegations contained in Paragraph 24 of the Complaint.

25.    BNSF repeats and realleges its responses to Paragraphs 1 though 18 of the Complaint as its response to paragraph 25 of the Complaint.

26.    BNSF is without sufficient information to admit or deny the allegations contained in Paragraph 26 of the Complaint and therefore denies the same and leaves Plaintiff to its proof.

27.    BSNF repeats and realleges its response to Paragraph 1 though 18 of the Complaint as its response to Paragraph 27 of the Complaint.

28.    BNSF denies the allegations contained in Paragraph 28 of the Complaint.

29.    BNSF denies the allegations contained in Paragraph 29 of the Complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

30.  In the event that one or more of the plaintiff had not or has not any title or interest in the shipments that are the subject of this action, then that plaintiff is not the real party in interest herein and is not entitled to maintain this suit.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

31. The shipment referred to in the Complaint was loaded and counted by the shipper and/or its agent.  BNSF is not responsible for any damage to such shipment caused by the improper loading thereof.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

32. BNSF is not responsible for any loss or damage or delay, such loss, damage or delay was caused by parties over whom it had no control.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

33.    In the event that that the Plaintiff failed to meet the minimum filing requirements of filing a proper written claim within the time prescribed, this lawsuit is time barred.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

34.    In the event that plaintiff failed to file suit within the period prescribed, this

lawsuit is time barred.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

35.  The Complaint fails to state a claim upon which relief may be granted.

## AS AND FOR AN EIGHTH  AFFIRMATIVE DEFENSE

36.    The contract of carriage does not contemplate responsibility for special damages. To the extent that Plaintiff seek recovery for special damages, BNSF is not responsible.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

37. In the event that said shipment moved subject to any statutory or contractual limitations of liability, either specifically agreed to or contained in any bills of lading, waybills, intermodal rules and/or governing publications, Plaintiff may not recover in excess of such limitations.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

38.    Plaintiff's state law claims are preempted by federal law.

## AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

39.    To the extent that the Plaintiff have failed to mitigate its damages, such damages are proscribed from being recovered.

## AS AND FOR A TWELFH AFFIRMATIVE DEFENSE

40. Whatever shipments were received for transportation by BNSF were accepted in accordance with, and subject to all terms and conditions of the bill of lading contract and all applicable transportation contracts, classifications and tariffs, rules and regulations set forth therein, and the rules, regulations and practices of BNSF, which together form the contract of carriage respecting the transportation of said shipment. In the event that BNSF handled the subject shipment, BNSF duly performed all the

terms and conditions of said contract of carriage on its part to be performed.  This

contract of carriage limits plaintiff's recovery.

Wherefore, BNSF demands judgment: 1. dismissing the Complaint with prejudice together

with costs, disbursements and reasonable counsel fees; and 2. for such other relief this Court

may deem just and proper.

Dated: November 9, 2007

By_____/s/ Ilene J. Feldman_____
      Ilene J. Feldman, Esq. (IF1045)
      COLLINS & FELDMAN
      Attorneys for Defendant
      BNSF Railway Company
      20 Vesey Street, Suite 503
      New York, New York 10007
      (866) 434-4440
      and
      325 Reef Road, Suite 105
      Fairfield, CT 06824
      (203) 254-2277

To:    David L. Mazaroli, Esq. (DM-2929)
        11 Park Place, Suite 1214
        New York, New York 10007-2801

        Attorneys for Plaintiff

        Michael Fernandez, Esq.
        Freehill, Hogan & Maher
        80 Pine Street
        New York, New York 10005-1759

        Attorneys for Defendants
        Maersk Line & AP Moller-Maersk
        A/S Maersk Sealand