0470-07/MF
Freehill, Hogan & Mahar, LLP
Attorneys for Defendant
A.P. MOLLER - MAERSK A/S
80 Pine Street
New York, New York 10005-1759
Michael Fernandez, Esq.
212 425 1900 (Tel)
212 425 1901 (Fax)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x

INDEMNITY INSURANCE COMPANY
OF NORTH AMERICA,

                     Plaintiff,                    07 Civ. 7858 **(BSJ)**

          -against-                    **ANSWER WITH
CROSS-CLAIMS**

BURLINGTON NORTHERN AND SANTA
FE RAILWAY COMPANY; BNSF RAILWAY
CO.,; MAERSK LINE; AP MOLLER-MAERSK
A/S, MAERSK SEALAND,

                    Defendants.

-----------------------------------------------------------x

       Defendant, A.P. MOLLER-MAERSK A/S (incorrectly named as "Maersk Line; A.P.
Moller-Maersk A/S; Maersk Sealand") (hereinafter referred to as "APM" or "Defendant") by its
attorneys, FREEHILL, HOGAN & MAHAR, LLP, responding to the Complaint, alleges upon
information and belief as follows:

    1.      Defendant admits that to the extent Plaintiff has alleged damages arising out of a
contract of carriage of goods by sea, that this is a maritime claim within the meaning
of Rule 9(h) of the Federal Rules of Civil Procedures, and within the admiralty and
maritime jurisdiction of this Court, but except as so admitted denies the remaining
allegations contained in Paragraph 1 of the Complaint.

2.      Denies knowledge or information sufficient to form a belief with respect to the allegations set forth in Paragraph 2 of the Complaint.

3.      Denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 3 of the Complaint.

4.      Denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 4 of the Complaint.

5.      Admits that APM is a business entity organized and existing under the laws of a foreign country, but except as so admitted, denies the remaining allegations in Paragraph 5 of the Complaint.

6.      Denies knowledge or information sufficient to form a belief with respect to the allegations contained in Paragraph 6 of the Complaint.

7.      Admits that APM is a common carrier of merchandise by water for hire, but except as so admitted denies the remaining allegations set forth in Paragraph 7 of the Complaint.

8.      Admits the allegations contained in Paragraph 8 of the Complaint.

9.      Denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 9 of the Complaint.

10.     Denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 10 of the Complaint.

11.     Denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 11 of the Complaint.

12.     Denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 12 of the Complaint.

13.    Denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 13 of the Complaint.

14.    Denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 14 of the Complaint.

15.    Denies the allegations set forth in Paragraph 15 of the Complaint.

16.    Denies the allegation set forth in Paragraph 16 of the Complaint.

17.    Denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 17 of the Complaint.

18.    Denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 18 of the Complaint.

19.    Defendant repeats and realleges each and every admission, denial, and denial of knowledge or information contained in Paragraphs "1" through "18" inclusive of this Answer, with the same force and effect as if herein set forth at length.

20.    Denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 20 of the Complaint.

21.    Denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 21 of the Complaint.

22.    Denies each and every allegation contained in Paragraph 22 of the Complaint as each pertains to APM and denies knowledge or information sufficient to form a belief as to the remaining allegations set forth therein.

23.    Denies each and every allegation contained in Paragraph 23 of the Complaint.

24.    Denies each and every allegation contained in Paragraph 24 of the Complaint as each pertains to APM and denies knowledge or information sufficient to form a belief as to the remaining allegations set forth therein.

25.    Defendant repeats and realleges each and every admission, denial, denial of knowledge or information contained in Paragraphs 1 through 24 inclusive of this Answer, with the same force and effect as if herein set forth at length.

26.    Denies each and every allegation contained in Paragraph 26 of the Complaint as each pertains to APM and denies knowledge or information sufficient to form a belief as to the remaining allegations set forth therein.

27.    Defendant repeats and realleges each and every admission, denial, denial of knowledge or information contained in Paragraph 1 through 26 inclusive of this Answer, with the same force and effect as if herein set forth at length.

28.    Denies each and every allegation contained in Paragraph 28 of the Complaint as each pertains to APM and denies knowledge or information sufficient to form a belief as to the remaining allegations set forth therein.

29.    Denies each and every allegation contained in Paragraph 29 of the Complaint as each pertains to APM and denies knowledge or information sufficient to form a belief as to the remaining allegations set forth therein.

30.    Defendant repeats and realleges each and every admission, denial and denial of knowledge or information contained in Paragraphs 1 through 29 inclusive of this Answer, with the same force and effect as if herein set forth at length.

31.    Denies each and every allegation contained in Paragraph 31 of the Complaint as each pertains to APM and denies knowledge or information sufficient to form a belief as to the remaining allegations set forth therein.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

32.    The Complaint fails to state a claim and/or cause of action against APM upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

33.    The shipment described in the Complaint was received, loaded, carried, discharged, and/or delivered subject to the terms, conditions, limitations, and exceptions of the United States Carriage of Goods by Sea Act ("COGSA"), 46 U.S.C. Sec. 1300 et seq., and/or the Limitation of Vessel Owner's Liability Act ("Limitation Act"), 46 U.S.C. Sec. 181 et seq., and/or the Harter Act, 46 U.S.C. Sec. 190 et seq., and/or other legislation pertinent to this carriage.  If any loss, damage or shortage resulted to the goods, which is denied, it was due to a cause or causes for which APM is not liable by virtue of the terms of the aforementioned legislation.

### THIRD AFFIRMATIVE DEFENSE

34.    The shipment described in the Complaint was received, loaded, carried, discharged and/or delivered subject to the terms, conditions, exceptions and limitations of certain dock receipt(s), bill(s) of lading, tariff(s), charter(s) and/or contract(s) of affreightment, issued for carriage of the shipment, and by which the shipper, owner, consignee and holders of said bills of lading agreed to be and are bound.  Any loss,

damage or shortage to the goods, which is denied, was due to a cause or causes for which APM is not liable by virtue of the terms of said dock receipt(s), bill(s) of lading, tariff(s), charter(s) and/or contract(s) of affreightment, including but not limited to the routing of the vessel.

## FOURTH AFFIRMATIVE DEFENSE

35.    Any loss, damage or shortage to the goods as alleged in the Complaint, which is denied, arose or resulted from the pre-shipment condition of the goods.

## FIFTH AFFIRMATIVE DEFENSE

36.    If any loss, damage or shortage resulted to the goods as alleged in the Complaint, which is denied, APM is not liable due to the following provisions (either singularly or in combination) of 46 U.S.C. Sec. 1304 (COGSA):

    (a)    Act, neglect, or default of the master, mariner, pilot, or the servant of the carrier in the navigation or in the management of the ship;

    (b)    Perils, dangers, and accidents of the sea or other navigable waters;

    (c)    Act of God;

    (d)    Act or omission of the shipper or owner of the goods, his agent or representative;

    (e)    Wastage in bulk or weight or any other loss or damage arising from inherent defect, quality, or vice of the goods;

    (f)    Insufficiency of packing;

    (g)    Insufficiency or inadequacy of marks;

    (h)    Latent defects not discoverable by due diligence;

    (i)    Any other cause arising without the actual fault and privity of the

Defendant and without the fault or neglect of the agents or servants of the Defendant.

## SIXTH AFFIRMATIVE DEFENSE

37.    Any loss or damage to the goods as alleged in the Complaint, which is denied, occurred when the goods were out of the care, custody and control of APM.

## SEVENTH AFFIRMATIVE DEFENSE

38.    Any loss or damage to the goods as alleged in the Complaint, which is denied, was caused by or contributed to by the Plaintiff and/or other third-parties, and not by APM.

## EIGHTH AFFIRMATIVE DEFENSE

39.    Plaintiff is not the real party in interest or proper Plaintiff to assert these claims.

## NINTH AFFIRMATIVE DEFENSE

40.    Plaintiff has failed to include in its Complaint indispensable parties to the action.

## TENTH AFFIRMATIVE DEFENSE

41.    This Court lacks in personam jurisdiction over APM.

## ELEVENTH AFFIRMATIVE DEFENSE

42.    Insufficient and/or improper service of process over APM.

## TWELFTH AFFIRMATIVE DEFENSE

43.    APM's liability, if any, which is specifically denied, is limited by the applicable dock receipt(s), bills (s) of lading, tariff(s), charter(s) and/or contract(s) of affreightment, and/or COGSA's 46 U.S.C. 1304(5) limitation to $500 per package, or if the goods are not shipped in packages, $500 per customary freight unit.

### THIRTEENTH AFFIRMATIVE DEFENSE

44.    Plaintiff failed to give timely notice of the alleged damage, loss or shortage and/or

this claim is time barred as per the applicable legislation and/or terms of the subject

dock receipt(s), bill(s) of lading, tariff(s), charter(s) and/or contract(s) of

affreightment.

### FOURTEENTH AFFIRMATIVE DEFENSE

45.    Due diligence was exercised on the part of the carrier to make the vessel and its

appurtenances seaworthy, and to make all other parts of the vessel in which goods are

carried, fit and safe for their reception, carriage and preservation of said shipment.

### FIFTEENTH AFFIRMATIVE DEFENSE

46.    Plaintiff failed to minimize or mitigate the damages asserted in the Complaint. .

### AS AND FOR ITS CROSS-CLAIMS AGAINST CO-DEFENDANTS BURLINGTON NORTHERN AND SANTA FE RAILWAY AND BNSF RAILWAY CO., APM ALLEGES UPON INFORMATION AND BELIEF AS FOLLOWS:

47.    APM repeats and re-alleges each and every admission, denial and defense set forth

above in response to Plaintiff's Complaint with the same force and effect as if set

forth herein at length.

48.    If the shipment in suit was damaged as set forth in the Complaint, which is

specifically denied, then the loss or damage was proximately caused by the

negligence, breach of contract (express or implied), breach of warranty (express or

implied), or the fault or omission of Co-Defendants BURLINGTON NORTHERN

AND SANTA FE RAILWAY AND BNSF RAILWAY CO., in whole or in part, and

not due to any fault, omission, negligence or breach of contract or breach of warranty

on the part of APM.

49.    If Plaintiff is entitled to recover against APM for the loss alleged in the Complaint, then APM is entitled to recover indemnity and/or contribution from Co-Defendants BURLINGTON NORTHERN AND SANTA FE RAILWAY AND BNSF RAILWAY CO. for part or all of any such sums recovered, together with interest, costs and attorneys fees in defending against Plaintiff's action.

50.    If Plaintiff is not entitled to recover against APM, then APM is entitled to recover indemnity from Co-Defendants BURLINGTON NORTHERN AND SANTA FE RAILWAY AND BNSF RAILWAY CO. for all expenses and fees, including but not limited to interest, costs and attorneys' fees, which APM may incur in defending Plaintiff's action.

**WHEREFORE**, APM respectfully prays:

1.    That the Complaint against it be dismissed together with costs and expenses incurred in the defense of this action;

2.    That the Court adjudge that APM has no liability for any of the matters alleged in the Complaint;

3.     That the Court find in its favor and against all co-defendants on the Cross-Claims asserted herein; and

4.    That APM be granted such other and further different relief as this Court may deem just, equitable and proper in the premises.

Dated: New York, New York
November 27, 2007

FREEHILL, HOGAN & MAHAR LLP
Attorneys for Defendant
A.P. MOLLER-MAERSK A/S

By: _____
    Michael Fernandez (MF4514)
    80 Pine Street
    New York, New York 10005
    212 425 1900

To:    David L. Mazarolli, Esq.
       Attorney for Plaintiff
       11 Park Place, Suite 1214
       New York, New York 10007
       212 267 8480

       Collins & Feldman
       Attorneys for BNSF Railway Company
       20 Vessey Street, Suite 503
       New York, New York 10007
       866 434 4440